NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA A. GREGORY, | No. 15-55665 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01016-WQH-JMA |
| v. | |
| COUNTY OF SAN DIEGO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Former California state prisoner Patricia A. Gregory appeals pro se from the

district court's judgment dismissing her 42 U.S.C. § 1983 action alleging access-

to-courts claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338,

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

341 (9th Cir. 2010). We affirm.

The district court properly dismissed Gregory's access-to-court claim stemming from her direct criminal appeal and habeas petition because Gregory failed to allege facts sufficient to show that she suffered actual injury as a result of defendants' conduct or policies. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth actual injury requirement); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (setting forth requirements for municipal liability).

The district court properly dismissed Gregory's access-to-courts claim stemming from the State Bar decision against her because Gregory has no constitutional right of access to the courts to litigate an unrelated civil claim. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-55665